This matter comes before the court on Plaintiffs (taxpayer) request for attorney fees and costs under ORS 305.490(4), after receipt of written responses by Defendant and Intervenor, and following a hearing on attorney fees and expenses.
In this case, taxpayer was not the prevailing party in the Magistrate Division of this court. The decision of the magistrate was to uphold the values as determined by the relevant Board of Property Tax Appeals (BOPTA). Taxpayer's pleading position was for a real market value (RMV) of $710,000. The pleading position of Washington County (county) was for a RMV of $933,000.
As trial in this division approached, taxpayer retained counsel, who engaged in settlement discussions with the county representatives. Those discussions were conducted in terms of the appropriate RMV for the property, although the ultimate assessed value for the property was most likely to, and did, involve the relatively complex process required by the provisions of Article XI, section 11, of the Oregon Constitution (Measure 50) because the tax liability for the property involved consideration of new property or improvements to property, as well as demolition of portions of existing improvements to the property.
The decision of BOPTA, which taxpayer appealed to the Magistrate Division of this court, had concluded that the RMV of the property was $933,000 and the assessed value (AV) of the property was $893,630. It appears that, although the county representatives believed that the RMV of the property was in fact more than $933,000, in the Magistrate *Page 141 
Division they argued only for affirming the RMV value as found by BOPTA, following a county policy in that regard.
In this division of the court, the county no longer limited its argument to affirming the BOPTA determined figures. However, the affidavits of the parties presented in connection with this proceeding indicate that the county offered to settle the case at an RMV level of $933,000 consistently up to the time of trial, with a final offer to settle at an RMV level of $910,000. Taxpayer, having pled a RMV level of $700,000 ultimately insisted, in settlement negotiations, that the RMV value be no greater than $841,500. Unable to bridge the gap between RMV values of $910,000 and $841,500, the parties proceeded to trial.
The decision of this court was that the property had a RMV of $950,000. That RMV is approximately midpoint between the pleading positions of the parties and above the levels at which the county offered to settle the case. The AV of the property was found by this court to be $855,206. That determination was made after consideration of the proper approach to demolition and replacement of portions of the improvements to the property. On that question, the court expressed doubt as to the propriety of the legal theory of the county on the treatment of retirements, but also found that taxpayer had not met her burden of proof as to the value of items retired or removed from the property.
1. Taxpayer contends that, considering the factors that this court is required to consider under ORS 20.075 and ORS305.490,[1] she is entitled to an award of attorney fees because (1) she had good faith claims, (2) county actions in this litigation constituted punishment for appealing, (3) the position of the county as to calculation of AV, in particular the calculation of the "exception" value for improvements under ORS 308.153, was not supported by the law, and (4) the county was unreasonable in its settlement negotiations.
2. The court is of the opinion that an award of attorney fees and costs is not appropriate in this case. Importantly, taxpayer was the party appealing to this division after the BOPTA value was affirmed by the Magistrate Division. The *Page 142 
legislative history of the amendments to ORS 305.490 that added subsection (4) indicates that legislative concern was especially focused on cases in which taxpayer is successful at the Magistrate Division, and it is the Department of Revenue or a county that files an appeal. Although ORS 305.490(4) is not limited by its terms to cases in which the government is the appealing party, the court, in exercising its discretion, will consider the background of the case as an element in the analysis. That element weighs against taxpayer here.
3. The record does not support taxpayer's claim that she was punished for appealing this case or that the position of the county in settlement or conduct of the case was unreasonable. In the Magistrate Division, the county sought only to have BOPTA decision upheld. In this division, although the county pled a higher value than that found by BOPTA or decided upon by the magistrate, the county made repeated offers to settle the case at or below the level of $933,000. Of course, the RMV value ultimately found by the court was above
the level offered to taxpayer in settlement.
4. Taxpayer also asserts that RMV settlement offers from the county were illusory because they would not produce real dollar reductions in AV and the ultimate tax bill. However, the record indicates that the discussions on settlement were carried on in terms of RMV. Further, as the decision of the court indicates, RMV values above those offered by the county produced reductions in AV, even when no consideration was given to retirements by reason of a failure of proof by taxpayer. It is apparent from this case that the Measure 50 provisions have made the litigation and settlement of property tax disputes much more complex, most especially when there are computations to be done under ORS 308.153. This record shows that the county may have taken a questionable position on calculation of the amount of retirements. However, the record also shows that taxpayer did not establish factual matters important to her theory of the case. Finally, the record indicates that taxpayer relied heavily in her case on cost data that came from transactions that were related-party transactions lacking the necessary arm's-length characteristics required to establish value. On the whole, this record does not show the type of behavior by *Page 143 
the county that would warrant the sanction of an award under ORS305.490(4).
For the foregoing reasons, it is the decision of the court that taxpayer is not entitled to any award of fees or costs in this matter. Nor shall the county be awarded costs in this matter.
After reviewing the petition and responses, and being fully advised of the premises, the court finds that such request should be denied. Now, therefore,
IT IS ORDERED that Plaintiffs request for attorney fees and costs is denied.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition. *Page 144